THOMAS E. FRENCH et al., receivers of State Mutual Building and Loan Association,

*v.*

E. BABTINE JOHNSON et al.

[Heard March 10th, 1910. Determined May 10th, 1910.]

1. A borrowing member of a building and loan association who executes a mortgage and pledges his shares to the association as security for the money borrowed is not entitled to credit on his mortgage debt for the premiums paid by him, although no affirmative action had been taken by the association in the exercise of its option to declare the entire mortgage debt due by reason of a default of such member in the payment of interest on the mortgage pursuant to a stipulation therein in that behalf contained, prior to the suspension of business of such association and the appointment of a receiver.

2. Such borrowing member is not entitled to stand on the footing of a non-defaulting mortgagor who has lost his rights to the benefits of the consummation of the building association scheme solely by reason of the association's insolvency.

3. A delinquent borrower against whom a default has been declared, and one similarly delinquent against whom no default has been declared, occupy much the same position so far as their rights are concerned.

On exceptions to master's report.

*Mr. Thomas E. French* and *Mr. George J. Bergen,* for the receivers.

*Mr. Eli H. Chandler,* for the exceptants.

LEAMING, V. C.

Complainants are receivers of an insolvent building and loan association. Defendant is a borrowing member who has executed a mortgage and pledged his shares to the association as security for the payment of the money so borrowed. The present suit is for the foreclosure of that mortgage. The association ceased business and went into voluntary liquidation in April, 1907, pursuant to the act of 1904. *P. L. 1904 p. 44.* It was subsequently determined that the association was at that time insolvent and receivers in insolvency were appointed in the place of the trustees in liquidation. The bond secured by the mortgage now in question contains a clause to the effect that if default should be made by mortgagor in the payment of interest, premiums or fines for thirty days after the same should become payable,

"the whole principal debt aforesaid should, at the option of the said The State Mutual Building and Loan Association of New Jersey, its successors or assigns, become due and payable immediately, and payment of said principal debt, and all interest thereon, might be enforced and recovered at once."

At the date of suspension of business by the association interest was in default on defendant's mortgage for a period in excess of the period above referred to; but it is now claimed by defendant that no affirmative action had been taken by the association whereby it exercised its option to declare the entire mortgage debt due by reason of the default. The question now presented is whether defendant is entitled to credit on his mortgage debt for the premiums which have been paid by him. In the case *In re State Mutual Building and Loan Association,* 74 *N. J. Eq.* (*4 Buch.*) *807*), it was determined by the court of errors and appeals of this state that a mortgagor of that association was not en-

titled to credit for premiums paid in a case in which the mortgage was due by its terms at the time of suspension of business of the association. That case was first heard before me in this court upon the theory that the association had not exercised its option to declare the principal of the mortgage due. It appears, however, that the petition filed in that case contained an averment to the contrary, and by a stipulation in the case the facts stated in the petition were admitted. For that reason it is now urged that the court of errors and appeals has expressed no opinion touching a case in which the option to declare the mortgage due had not been exercised by the association at the date of its suspension of business.

The opinion of the appellate court in the case referred to, defines with great clearness the theory upon which a non-defaulting mortgagor becomes entitled to credit, in the event of insolvency, for premiums theretofore paid by him. It is there pointed out that his premiums are paid in reliance upon the consummation of a plan whereby his shares shall mature, and at their maturity shall discharge his mortgage indebtedness. As insolvency of the association operates to defeat the consummation of the scheme, in the absence of any contract contemplating that contingency equitable considerations arise which entitle him to a return of such premiums as he may have paid. As to mortgages due and payable at the time business is suspended, the opinion referred to states: "As to mortgage debts, therefore, that were thus due by the default of the debtor and collectible by the association while it was a going concern, the appellants, as receivers, stand in precisely the same situation as the directors of the association stood when the debts fell due. As to such no equitable rule is to be applied, for the simple reason that a mere breach of a legal contract, nothing more appearing, gives rise to no equitable consideration of any sort."

With these accepted principles in view, the rights and liabilities of defendant must be determined.

For over four years defendant had been behind in his payments to an amount which entitled the association to exercise its option to declare the mortgage due and payable. During all of that time the association was privileged to exercise that option or to refrain

from exercising it. The latter course was adopted, and defendant was permitted to make payments on account from time to time during all of that period. During that period defendant made payments to the association on account to the amount of about four thousand dollars, and one-half of the payments so made was by the association applied to premiums. These payments were necessarily made by defendant and accepted by the association in the ever present hope upon the part of both that defendant would eventually discharge all arrearages. The realization of that hope was rendered impossible by the suspension of business by the association. The suspension of business rendered it impossible for defendant to exercise the privilege, which he possessed up to that time, to make payment of the amount of interest, dues and premiums, which he then owed, and in like manner rendered it impossible for the association to exercise the power, which it possessed up to that time, to formally declare the principal of the mortgage due. The condition thus arising from the insolvency and suspension of business was one which the contractual relations of the parties did not directly anticipate or provide for, and this mortgage, like all other similar mortgages held by the association, whether the mortgagors were behind in the payments or not, was matured by force of the unconventional conditions which thus arise.

At the time I signed the decree (*In re State Mutual, supra*) I was impressed that conditions of this nature gave rise to equitable considerations in behalf of a delinquent mortgagor which should be operative to entitle him to a credit for the premiums paid. But a present consideration of the equity suggested, in the light of the decision of the court of errors and appeals already referred to, leads me to the conclusion that defendant cannot, upon sound equitable principles, be given the status of a non-defaulting mortgagor who has lost his right to the benefits of the consummation of the building association scheme solely by reason of the insolvency of the association. At the time of the suspension of business defendant had broken the stipulation of his contract, and his privilege to continue to enjoy the benefits of the building association scheme was wholly dependent upon the sufferance of the association. He had no legal right to demand

the continuance of that sufferance. While technically the mortgage debt was not collectible unless or until the association should cease extending such sufferance, that is, should treat the mortgage debt as due, the substance of the situation was that the suspension of business did no more than to render it impossible for the association to continue to extend to defendant favors which the association was under no contractual obligation to extend and which defendant had no contractual right to demand. It is not even claimed that at the time of suspension of business of the association defendant entertained a purpose to presently remove himself from the delinquent class. The loss by defendant of the mere possibility of these continued favors upon the part of the association, cannot be appropriately regarded as the loss of a substantial right; and cannot be properly classed with the loss of a non-defaulting borrower who has been denied important contractual rights of a substantial nature solely by reason of a failure of the general scheme. The loss which the latter suffers by reason of the suspension of business is that of a substantial and valuable contractual right; the loss complained of by defendant in this case is the loss of the privilege of future indulgence upon the part of the association. Such indulgences defendant could reasonably hope for, but could not require. A delinquent borrower against whom a default has been declared, and one similarly delinquent against whom no default has been declared, occupy much the same position so far as their rights are concerned. The association may, at will, reinstate the one or continue to extend indulgence to the other. These possible privileges of a delinquent borrower are lost by the suspension of business. While defendant's mortgage was not technically due by its terms at the date of suspension of business, I am unable to conclude that that fact can be appropriately deemed operative to create an equity in his behalf which will entitle him to a return of the premiums by him paid.

It also appears that the present defendant mortgagor was a defendant in the case already referred to, and in that case, as stated, stipulated that the association had exercised its option to declare the mortgage now in question due. With that issuable fact regularly adjudicated in the case referred to, I think defendant can-

not be permitted in this case to assert that the association had not so exercised its option.

I am also satisfied that the master's report of the amount due is correctly stated in all other particulars.

I will advise an order overruling the exceptions to the master's report.